ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY ET AL. v. E. D. HARRINGTON.

Decided June 20, 1908.

**1.—Charge—Submission of Issue without Evidence—Carrier of Live Stock.**

It is reversible error for the court by its charge to submit to the jury an issue pleaded but not supported by evidence. In a suit against a railroad company for damages to a shipment of cattle, the plaintiff alleged, among other grounds of negligence, that the defendant failed and refused to detour the cattle and send them forward by another route when its own line had been washed out by floods; there was no evidence that there was a practicable route open over which the cattle could have been shipped; the court instructed the jury to find for the plaintiff if they believed from the evidence that the defendant failed or refused to detour the cattle when requested so to do. Held, reversible error.

**2.—Shipment of Cattle—Change of Route—Authority of Local Agent.**

In the absence of evidence that a local railroad agent had authority to change the routing of a shipment of cattle which did not originate at his station, evidence of a refusal by him to make a requested change in the routing of cattle temporarily delayed at his station, is not competent to prove negligence on the part of the carrier.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*Terry, Cavin & Mills* and *Madden & Trulove,* for appellants.

*Cowan, Burney & Goree* and *Stephens & Miller,* for appellee.

SPEER, Associate Justice.—Appellee Harrington sued appellants, the Atchison, Topeka & Santa Fe Railway Company and the Pecos & Northern Texas Railway Company, to recover the sum of $23,178.50 as damages to three train-loads of cattle shipped from Bovina, Texas, to Evarts, South Dakota. There was a trial before a jury, resulting in a verdict and judgment in favor of plaintiff in the sum of six thousand dollars, from which both defendants have appealed.

Appellee pleaded that the two roads sued were in reality one and the same line of railroad, or that each was the agent of the other, and that, if mistaken in these allegations, then that they were partners; that he had ordered cars for his cattle to be delivered on May 22, 1903, and that defendants had negligently failed to deliver them until May 28th and 29th; that one train carrying his cattle, and leaving Bovina on May 28th, was stopped at Wellington, Kansas, and the other two, leaving Bovina May 29th, were stopped at Woodward, Oklahoma, on May 30th, and unloaded and detained at these places until June 13th; that at Wellington and Woodward the pens and places where said cattle were kept were too small, were muddy and wet, etc.; that appellee urged that his cattle be taken out of the pens and placed on grass, and that where his cattle were placed in pasture the grass was insufficient in quantity and poor in quality. Appellee also alleged that he protested against his cattle being unloaded at Wellington and Woodward, and urged that they be carried forward, and, if necessary, that they be detoured, offering to bear the extra expense, and if they could not be forwarded that they be returned to Texas to be shipped by another route to their destination; that if appellants' line of road was washed out, so that it could not proceed with his cattle, it was because the same was improperly constructed and equipped, and that the companies were negligent in receiving the stock for shipment after they knew, or reasonably should have known, of the rains and floods which were alleged to have prevented the immediate transportation of the cattle to their destination.

The companies answered by general and special demurrers, general denial, and by special pleas denying the partnership under oath, alleging the separate corporate existence and lines of defendants, and written shipping contracts limiting the liability of each carrier to its own line, etc. The answer fully alleged that the Pecos & Northern Texas Railway Company promptly performed its part of the contract, but the Atchison, Topeka & Santa Fe Railway Company was prevented by an unprecedented flood of waters destroying its roadbed and tracks, so that such delay was unavoidable, and that it did all it could to prevent injury to plaintiff's cattle, and that they were not, in fact, injured by such delay, but that they were injured, if at all, through the negligence of the plaintiff and his shippers in charge.

We shall not undertake to discuss in detail the various assignments of error, since the cause must be reversed for reasons hereinafter pointed out, and many of the assigned errors are of such character as probably will not arise on another trial. At most, we will suffice it to say that assignments not specifically discussed are overruled as not presenting reversible error. We think the evidence was sufficient to raise the issue

of a partnership or joint undertaking in the transportation of appellee's cattle, and that, therefore, the numerous assignments based upon a contrary contention, whether they relate to the admission of evidence or to charges of the court, should all be overruled.

We do not approve the court's ruling in admitting the testimony of appellee's witness Camp, to the effect that, while his train of cattle was being held at Wellington, he went to Wichita, and there had a conversation with the local agent of the Missouri Pacific Railway Company, who offered to forward the cattle from that place, and upon his return to Wellington he tried to get Purdy, the local agent of appellant, the Atchison, Topeka & Santa Fe Railway Company, to forward the cattle to Wichita for delivery to the Missouri Pacific Railway Company. We are inclined to think the court erred in admitting this evidence over appellant's objection that the agent Purdy had no authority to change the routing of this shipment, which did not originate at his station. See Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W., 968. But, if this ruling is erroneous, we would hardly reverse the case for this alone, since appellants' witness Purdy himself testified, without objection, to substantially the same state of facts.

But the error for which we do reverse the case consisted in submitting to the jury the issue of negligence in failing to detour the cattle over another route. The court thus submitted that issue: "If it became and was necessary, as the result of an unprecedented flood, to stop the cattle at Woodward and Wellington, as is alleged by defendants, and if, after the cattle were so stopped, plaintiff or his agents or shippers in charge demanded that said cattle be by the defendants, or either of them, detoured and sent forward over another route, or over the lines of other carriers, then it becomes and was the duty of such defendant to detour and forward said cattle if it was reasonable and practicable so to detour and forward the same over the route and lines, if any, designated by plaintiffs; if you find and believe from the evidence that plaintiff, or his shippers in charge, did request such detouring, and did designate a route of road over which plaintiff so desired said stock forwarded, and if you believe such route was open, and it was practicable for defendants, or either of them, to have forwarded such stock over such route, and the defendant so requested to forward said cattle failed or refused to exercise such reasonable diligence to forward such cattle as an ordinarily prudent person would have exercised under the same circumstances to forward the same, and if, by the exercise of such care, said cattle could have been forwarded, and the damage thereto, if any, lessened, then the defendant so failing or refusing so to detour said cattle is liable to plaintiff for such damages (if any) as might have been avoided by such detouring, and not caused by the carelessness and negligence of plaintiff or his shippers in charge." The assignment complaining of this charge is sustained upon appellants' fourth proposition, that it submits an issue to the jury not raised by the evidence. Appellee, though he has taken great pains to answer most of appellants' numerous assignments, has not suggested any reply to this proposition, and though we have carefully examined the voluminous statement of facts, we ourselves have failed to find any evidence indicating that there was a practicable route open over which appellants, in the exercise of proper diligence,

might have forwarded appellee's cattle. Indeed, the evidence seems pretty clearly to negative the idea that any such route was open at all. This was a most material issue, and the submission of it, therefore, must work a reversal of the judgment.

We find no error in the giving or refusing of charges, but for the error above discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*